UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BLACKBURN,<br><br>         Plaintiff,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 16cv1507 AJB (WVG)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO REMAND**<br><br>**(Doc. No. 6)** |

## *INTRODUCTION*

Presently before the Court is Plaintiff Michelle Blackburn's ("Plaintiff") unopposed motion to remand this mater to San Diego County Superior Court. (Doc. No. 6.) Finding Defendant FCA US LLC ("Defendant") has failed to carry its burden of establishing removal jurisdiction exists, Plaintiff's motion to remand is **GRANTED**. As this matter is appropriate for resolution on the papers and without oral argument pursuant to Local Rule 7.1.d.1, the motion hearing presently set for October 13, 2016 is **VACATED**.

///

///

## BACKGROUND

On May 17, 2016, Plaintiff filed suit against Defendant in San Diego County Superior Court for damages stemming from Plaintiff's purchase of a new 2011 Jeep Grand Cherokee. (Doc. No. 1-2.) Plaintiffs asserts three causes of action sounding in state law for violations of the Song-Beverly Consumer Warranty Act and fraudulent concealment. (*Id.*) Defendant was served with the complaint on May 19, 2016, and filed a notice of removal on June 16, 2016. (Doc. No. 1.) Defendant asserts federal jurisdiction exists pursuant to 26 U.S.C. 1332(d), as the parties are diverse and the amount in controversy exceeds the jurisdictional minimum of $75,000. (*Id.* at 3.)

On June 16, 2016, Plaintiff moved to remand arguing that Defendant has failed to establish diversity jurisdiction exists. (Doc. No. 6 at 2.) In addition to remand, Plaintiff seeks an award of costs and expenses, including attorney's fees, incurred because of removal. (*Id.*) Defendant has not filed an opposition or otherwise addressed the arguments advanced in support of remand.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are strictly construed against removal." *Luther v. Countywide Home Loans Serv., L.P.*, 533 F.3d 1031, 1034 (9th Cir. 2008). There is also a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id*. at 567.

**A. Amount in Controversy**

For a federal court to exercise diversity jurisdiction there must be "complete diversity" between the parties and the amount in controversy requirement of $75,000

must be met. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). The amount in controversy is determined by reference to the complaint, and includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). If the amount is not facially apparent from the complaint, the Court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–56 (5th Cir. 1995)).

Plaintiff's complaint does not allege a specific damages amount. Defendant, therefore, "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000. Under this burden, [Defendants] must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

In the notice of removal, Defendant asserts the amount in controversy is at least "three times the vehicle's purchase price, or approximately $127,379.40, plus attorney's fees and punitive damages." (Doc. No. 1 ¶ 9.) This calculation, according to Defendant, is derived from Plaintiff's request for "reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff, incidental, consequential, and general damages, and a civil penalty up to two times the amount of actual damages." (*Id.*) (quoting Doc. No. 1-2 ¶¶ 140–143.) In support of remand, Plaintiff argues Defendant's damage calculation does not consider Song-Beverly's rules regarding damages calculations. (Doc. No. 6 at 8.) More specifically, Plaintiff contends she does not seek damages based on the total purchase price of the vehicle, and offers her own calculation of potential damages as the estimated amount in controversy.

Given that the removal statute is strictly construed against removal, and that any doubts as to the propriety of federal jurisdiction are resolved in favor of remand, the Court finds Defendant has failed to establish the required jurisdictional amount in controversy. Although Defendant proposes a potential recovery amount in excess of $120,000, the means for calculating that sum are less than clear in the notice of removal.[1] Additionally, because the complaint does not affirmatively state the amount in controversy, Defendant bears the burden of establishing the jurisdictional threshold is met by a preponderance of the evidence. Failure to oppose the instant motion does not carry Defendant's burden as the proponent of removal.[2] Accordingly, the allegations in the notice of removal regarding the potential amount in controversy are insufficient to establish diversity jurisdiction. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient.").

**B. Diversity of Citizenship**

Removal based on diversity also requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e. complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity, a limited liability company (LLC) is a citizen of every state in which its "owners/members" are citizens. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships, which have the citizenships of all of their members).

Through its notice of removal, Defendant asserts that the parties are diverse as required for the Court to exercise jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1 ¶¶ 6–8.) Defendant represents that it is a limited liability corporation, the sole member of

---

[1] (*See* Doc. No. 1 ¶ 9.)
[2] *See* Civil Local Rule 7.1.f.3 (governing the failure to file an opposition as proscribed by local rules).

which is FCA North America Holding LLC. (Doc. No. 1-3 ¶ 3.) FCA Holding LLC is comprised solely of Fiat Chrysler Autmobiles, N.V., ("Fiat") which Defendant represents is a publicly traded company incorporated under the laws of the Netherlands, and whose principal place of business is in London, England. (*Id.* ¶ 4.) Given that Plaintiff is deemed a citizen of the state of California, a fact not disputed by Plaintiff, Defendant contends complete diversity exists. Plaintiff argues that Defendant has not provided "any facts regarding the law under which Fiat is organized, its capacity to sue and be sued, and whether it is a recognized juridical person under the laws of the jurisdiction in which it is organized." (Doc. No. 6 at 14.)

Although the parties appear diverse, in light of Plaintiff's challenges to Fiat's citizenship, Defendant has failed to establish complete diversity as required for the Court to exercise jurisdiction. *See Penetrante v. Jaguar Land Rover NA, LLC*, No. CV162952, 2016 WL 3457153, at *2–3 (C.D. Cal. June 24, 2016) (citing *Cohn v. Rosenfeld*, 733 F.2d 625, 629 (9th Cir. 1984)). The notice of removal lacks information as to Fiat and whether it is considered a juridical person for the purposes of establishing diversity jurisdiction. *See Cohn*, 733 at 629. Thus, this matter is properly remanded to San Diego Superior Court.

**C. Award of Fees and Costs Incurred From Removal**

Plaintiff additionally seeks an award of attorney's fees and costs incurred in moving to remand this action. 28 U.S.C. § 1447(c) permits the Court to order payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In deciding whether to order payment of costs, the Court must assess whether removal was "wrong as a matter of law." *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). "[A]bsent unusual circumstances, [costs] should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

Despite granting remand, the Court declines to award Plaintiff fees and costs associated with moving to remand. The Court cannot conclude that Defendant's removal

was "wrong as a matter of law" as Defendant asserted potentially viable grounds for removal. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (noting "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal" and "when an objectively reasonable basis exists, fees should be denied"). Thus, absent unusual circumstances, remand of this matter does not mandate an award of fees and costs. *See Martin v. Franklin Capital Corp.*, 546 U.S. at 132, 137 (2005) (holding that whether removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)). Plaintiff's request is therefore **DENIED**.

## *CONCLUSION*

Thus, finding the Court lacks jurisdiction over the underlying matter, the Court **REMANDS** the action to San Diego County Superior Court. The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED**.

Dated: August 8, 2016

Hon. Anthony J. Battaglia
United States District Judge